IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. 4:17-cv-00047-D

| | |
|---|---|
| XL INSURANCE AMERICA, INC. *as subrogee of* AECOM TECHNOLOGY CORP., ACE AMERICAN INSURANCE COMPANY *as subrogee of* AECOM TECHNOLOGY CORP., CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON *as subrogee of* AECOM TECHNOLOGY CORP., and AECOM TECHNOLOGY GROUP,<br><br>Plaintiffs,<br><br>v.<br><br>VISIONARY SOLUTIONS, LLC,<br><br>Defendant. | CONSENT PROTECTIVE ORDER<br><br>(AS MODIFIED) |

The parties assert that they possess information relating to the subject matter of this action that they may deem confidential and proprietary. The parties recognize that in the course of discovery proceedings relating to this action, it may be necessary to disclose certain of the asserted confidential and proprietary information. The parties wish to ensure that such confidential and proprietary information will not be disclosed to unauthorized persons, and will not be used for any purpose other than this litigation.

It is therefore ORDERED that:

1. This Order does not control any issues of privilege or work-product that may be asserted by a party during the pendency of this litigation. Each party

bears the burden of raising and/or meeting any assertions of privilege or work-product protection pursuant to the Federal Rules of Civil Procedure and applicable case law separate and apart from the issues of confidentiality addressed in this Order.

2. Prior to its production, any party may designate documents or other materials as containing CONFIDENTIAL INFORMATION to be protected by this Order. For purposes of this Order, "Confidential Information or Material" shall be defined as any information or materials - whether in hardcopy, electronic or any other format - that a party has a legitimate and good faith interest and basis in keeping free from public disclosure.

3. The following "Qualified Persons" are entitled to review and utilize documents or materials containing confidential information produced pursuant to the terms of this Order, subject to any limitations in this Order:

   a. The parties, their employees, and their attorneys of record (including their necessary staff);

   b. Independent expert witnesses who have been specially employed or retained to assist in this litigation and their necessary staff;

   c. Fact witnesses who are asked to review this confidential information during the course of a deposition or trial in this litigation;

   d. Court reporters recording testimony in this litigation and their necessary staff;

   e. The presiding Judge, courtroom clerk or other necessary court

personnel, and jurors (upon being sworn in) at any motion hearing or trial of this matter; and

f.  Any other person who is later designated as a Qualified Person by Order of the Court or agreement of the parties.

4.  Confidential Information shall not be disclosed to any of the persons referred to in paragraphs 3(b) until such persons have been provided with a copy of this Protective Order and have agreed in writing to be bound thereto by execution of the Consent Protective Order Certification attached hereto as Exhibit A. With regard to persons covered by paragraph 3(c), the parties agree that such person will be provided a copy of the Consent Protective Order Certification attached hereto as Exhibit A and asked to sign said agreement. However, in the event that a fact witness refuses to sign the agreement, the deposition shall proceed but the provisions of Subsection 7 below shall apply to any testimony given with regard to any confidential materials. All parties shall retain any such agreements and make them available to counsel for other parties upon request, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

5.  All documents or materials, including information or materials to be designated as confidential ("Designated Material"), shall be individually Bates stamped. To identify Designated Material, the documents or tangible items must be designated by conspicuously stamping the words "CONFIDENTIAL" on each page of the Designated Material or by conspicuously placing the words

"CONFIDENTIAL" on each of the item(s) containing the Designated Material.

6. A Qualified Person who receives CONFIDENTIAL INFORMATION shall not make it available to persons or entities other than Qualified Persons as defined in paragraph 3, and shall only use the information for purposes of this litigation.

7. Unless all parties agree on the record at the time deposition testimony is taken, all deposition testimony regarding a Confidential document or other material marked confidential taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the thirtieth (30) day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court. Notwithstanding the foregoing, any documents or information identified as "Confidential" prior to any deposition testimony shall remain confidential.

8. The designation of any material or document as Confidential Information is subject to challenge by any party. The attorneys of record shall first make good faith efforts to resolve any such challenges by consent. Any remaining

disagreements shall be resolved by motion practice. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

9. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing through the receipt of confidential material into evidence or through the testimony of witnesses. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial, no party shall be prejudiced in any such motion or ruling by the existence or provisions of this Order.

10. Notwithstanding anything to the contrary which may be set forth herein, a party
may apply to the Court at any time for an Order: (a) granting a modification of this Order; (b) changing the status of information or material previously designated as "CONFIDENTIAL;" and/or (c) granting additional protective relief with respect to any purported confidential material.

11. Within sixty (60) days after the conclusion of this litigation, any party may request the return of any documents containing CONFIDENTIAL INFORMATION to the producing party and consistent with any rules promulgated

by the North Carolina State Bar regarding attorneys' maintenance of client files, and the party receiving such request shall either return the materials as requested or confirm in writing to the designating party that all such Designated Material produced by such other party during this action have been destroyed.

12. It is the express intent of the parties that CONFIDENTIAL INFORMATION produced consistent with this Order shall be used in this litigation only and shall not be used in connection with any other litigation, claim or potential claim.

13. Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any grounds that would otherwise be available. This Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Order constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. This Order shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents. No party shall be deemed by the entry of this Order to have waived any objection to the production of any document on any grounds or to have waived any other right, defense, or objection that may otherwise be interposed in this action.

14. Nothing herein shall be construed to preclude or limit the presence of any

individuals at any proceedings in or the trial of this action.

15. The terms of this Order shall continue to bind the parties after the conclusion of this litigation.

By: /s/ Thomas J. Hennessey

Thomas J. Hennessey
N.C. State Bar No. 41306
CLAUSEN MILLER P.C.
28 Liberty Street, 39th Floor
New York, NY 10005
Email: THennessey@clausen.com
*Counsel for Plaintiffs*

By: /s/ Matthew P. McGuire

Matthew P. McGuire
N.C. State Bar No. 20048
Email: matt.mcguire@alston.com
Kelsey L. Kingsbery
N.C. State Bar No. 51736
Email: kelsey.kingsbery@alston.com
ALSTON & BIRD LLP
555 Fayetteville Street
Suite 600
Raleigh, NC 27601
*Counsel for Counterclaim-Defendant AECOM Technology Corp.*

By: /s/ Marc C. Tucker

Marc C. Tucker
N.C. State Bar No. 25722
marc.tucker@smithmoorelaw.com
SMITH MOORE LEATHERWOOD LLP
434 Fayetteville St, Suite 2800
P. O. Box 27525 (27611)
Raleigh, NC 27601
Telephone: (919) 755-8700
Facsimile: (919) 755-8800
*Attorneys for Defendant Visionary Solutions, LLC*

By: /s/ S. McKinley Gray, III

S. McKinley Gray, III
N.C. State Bar No. 19939
ctw@wardandsmith.com
WARD AND SMITH, PA
P. O. Box 867
New Bern, NC 28563-0867
Telephone: (252) 672-5400
Facsimile: (252) 672-5477
*Attorneys for Flanders Corporation*

************************
## COURT'S APPROVAL AND MODIFICATIONS

This Order is the subject of the parties' motion (D.E. 34) for entry thereof in the form proposed at D.E. 34-1. The court hereby ALLOWS the motion, and APPROVES and ADOPTS the foregoing terms of the Order, subject to the following modifications:

1. A party may designate any document or other materials in whatever form as "Confidential" pursuant to paragraphs 2 and 5 of the Order only if such party believes in good faith that such document or information qualifies for protection under Federal Rule of Civil Procedure 26(c).

2. Notwithstanding any contrary provisions in paragraphs 3.e and 6, the extent to which the court and its personnel review and utilize documents or other materials containing confidential information shall lie in the court's discretion.

3. The provisions in paragraph 9 shall not limit the authority of the court to prescribe different or additional means by which a party intending to present Confidential Information at a hearing or trial, or anticipating that another party may do so, shall bring that issue to the court's and parties' attention.

4. The return of trial exhibits by the court shall be governed by Local Civil Rule 79.1, E.D.N.C., notwithstanding any contrary terms in this Order, including any such terms in the paragraph 11.

SO ORDERED, this 18th day of May 2018.

James E. Gates
United States Magistrate Judge

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION
### CIVIL ACTION NO. 4:17-cv-00047-D

| | |
|---|---|
| XL INSURANCE AMERICA, INC. *as subrogee of* AECOM TECHNOLOGY CORP., ACE AMERICAN INSURANCE COMPANY *as subrogee of* AECOM TECHNOLOGY CORP., CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON *as subrogee of* AECOM TECHNOLOGY CORP., and AECOM TECHNOLOGY GROUP, <br><br> Plaintiffs, <br><br> v. <br><br> VISIONARY SOLUTIONS, LLC, <br><br> Defendant. | **CONSENT PROTECTIVE ORDER CERTIFICATION** |

The undersigned hereby certifies that he/she has read the Consent Protective Order entered by the Court in this action and agrees to be bound by its terms and conditions.

_____

Name: _____

Date: _____

Signed in the presence of:

_____

Attorney for _____